UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Criminal No. 12-cr-20042
    HONORABLE ROBERT H. CLELAND

D-3 FALUSIC ASHFORD aka "LUCY",

    Defendant.
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, a First Superseding Indictment was filed on or around May 2, 2012, which charged Defendant Falusic Ashford with Count One Health Care Fraud Conspiracy pursuant to 18 U.S.C. § 1349; and Count Six Conspiracy to Pay and Receive Health Care Kickbacks pursuant to 18 U.S.C. § 371.

WHEREAS, the First Superseding Indictment also sought criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and 18 U.S.C. §§ 982(a)(1) and 982(a)(7).

WHEREAS, on April 5, 2013, Defendant Falusic Ashford pleaded guilty to Count One of the First Superseding Indictment, which charged health care fraud conspiracy. Defendant Ashford also agreed in her Rule 11 Plea Agreement to the entry of a personal money judgment against her in favor of the United States in the amount of $727,577 which constitutes, or was derived from, the proceeds obtained,

directly or indirectly, from the offense charged in Count One of the Indictment. Defendant agreed that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the Defendant. To satisfy the money judgment, Defendant explicitly agreed in the Rule 11 Plea Agreement to the forfeiture of any assets she now has, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

NOW THEREFORE, based upon Defendant's Rule 11 Plea Agreement and guilty plea, and the information in the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT

1. A personal forfeiture money judgment in the amount of Seven Hundred Thirty-Seven Thousand Five Hundred Seventy-Seven Dollars ($737,577.00) is granted and entered against Defendant in favor of the United States of America.

2. The money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, any assets that Defendant has now, or may later acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

3. The United States is hereby authorized, pursuant to Federal Rules of Criminal Procedure 32.2(c), to conduct any discovery that the Court considers proper to help identify, locate, or to seize any assets identified herein which are not

currently in the custody or control of the United States.

4. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Order shall become final at the time it is entered and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

******************************************************************

**IT IS SO ORDERED.**


Date: August 8, 2013               _s/Robert H. Cleland
                                   HONORABLE ROBERT H. CLELAND
                                   UNITED STATES DISTRICT JUDGE